## McKillopp *vs.* Taylor.

A party enjoined, violates the plain and positive mandate of the court at his peril. Advice of counsel, that he may safely pursue the course prohibited, without conforming to limitations prescribed by the injunction, will not avail to excuse his misconduct.

On motion for attachment for contempt.

The Chancellor.

The defendant is the occupant of the premises known as "The Idle Hour," at Greenville, in the county of Hudson, on which he has established a rifle-range, for the accommodation of shooting parties. The complainant occupies, under lease from him, the adjoining land, on which he dwells with his family, and which he cultivates as a market garden. At the filing of the bill, the range was in frequent use, and rifle balls, discharged by persons shooting there, passed over the complainant's premises, and some of them fell upon them, causing great and constant apprehension of personal injury in the complainant and his family and workmen employed there on his grounds. The bill prayed an injunction against the defendant, and the writ was granted, restraining him from the use of the range until it should have been rendered free from danger to the complainant, his family, and workmen. The defendant, after the injunction was served, permitted the range to be used, without taking any steps whatever to render the use of it less dangerous. Motion is now 'made for an attachment against him, as for contempt for violation of the injunction. He alleges, that before permitting the range to be used, after service of the injunction, he consulted counsel,

who, he alleges, examined the range and advised him that he might safely continue to use it, without taking any further steps to protect the complainant. If such advice was, indeed, given to him, it cannot avail him as an excuse for his misconduct. He needed no advice on that point. The terms of the writ were plain and positive, and he disobeyed the mandate of the court at his peril. He must be adjudged to be in contempt. It appears that he has made some attempts since then to render the range free from danger to the complainant, and he insists that he has been successful, but the evidence shows that the nuisance still continues. The injunction will be modified so as to prohibit the use of the range until it shall be made to appear to the court that it is free from danger to the complainant, his family, and workmen.